UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kim M. Wertz
        Plaintiff,

v.

Client Financial Services
Of Michigan LLC
        Defendant.

Case No. 10 -   -cv
Hon.

**Demand for Jury Trial**

_____/

## CLASS ACTION COMPLAINT

Plaintiff, by her attorneys, and for her Class Action Complaint and Demand for Jury Trial, states as follows:

### INTRODUCTION

1. This case arises from Defendant's unfair and illegal debt collection practices.

2. Defendant is a debt collection firm. In conducting its business, Defendant has used collection methods which violate federal and state law and are unfair to Plaintiff and the members of the class.

3. Specifically, Defendant employs illegal language in its debt collection letters which are sent to consumers. These letters state that if the consumer disputes the validity of the debt Defendant is attempting to collect, the consumer should notify Defendant "in writing, within 30 days." (Exhibit A).

4. This requirement that Plaintiff and the other class members notify defendant in writing that they dispute the validity of the debt is a per se violation of the Fair Debt Collection Practices Act, and violates Michigan law.

5.  On information and belief, Defendant has used, and continues to use, similar language in communications sent to all members of the class.

## JURISDICTION

6.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

7.  This action arises out of Defendant's illegal efforts to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Michigan Occupation Code.

8.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

9.  Plaintiff Kim M. Wertz is a natural person who resides in Thetford Township, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 339.901(f).

10. Defendant Client Financial Services of Michigan LLC (hereinafter "Defendant") is a collection agency whose registered agent is Michael R. Meythaier and whose registered agent's mailing address is 5406 Gateway Centre Flint, MI 48507. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collection agency" as that term is defined by MCL § 339.901(b).

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes based upon a medical expense incurred to Regional Medical Imaging in the

amount of $381.14, that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and MCL § 339.901(a).

12. On information and belief, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

13. Plaintiff received a letter from Defendant, attached as Exhibit A, indicating that the debt was "placed with" Defendant for collection.

14. The letter from Defendant states that, should Plaintiff dispute the validity of this debt, she must "notify the Defendant . . . in writing, within 30 days, otherwise, we will assume that this debt is valid." (Exhibit A).

15. This was a collection communication in violation of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

16. On information and belief, Defendant has sent similar verbal or written communications to the members of the class requiring that the class members dispute the validity of their debts in writing.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class consisting of all persons who have received any communication from Defendant stating that Defendant will assume that the class members' debts are valid unless the class members dispute the debt in writing.

18. Plaintiff is a member of the class and will fairly and adequately assert and protect the interests of the class. Plaintiff's interests are consistent with, and not antagonistic to, those of the other members of the class. She seeks to represent a class of individuals harmed by the same

conduct that harmed her. As such, vindication of her claims will also be vindication of the other class members' claims.

19. Plaintiff has retained attorneys who are experienced in class action litigation, and who will provide adequate representation. Plaintiff's attorneys are experienced in complex litigation and consumer issues. They are also experienced in litigating class actions, including consumer class actions.

20. For example, the Mantese Honigman firm is currently involved in litigation of a putative class action against Proctor and Gamble regarding the manufacture and sale of defective diapers which have caused injury to babies' skin. That case is currently consolidated with other, similar cases in the Southern District of Ohio.

21. The Mantese Honigman firm is also involved in a ground-breaking class action against the Department of Defense regarding insurance coverage for a certain autism treatment provided to children from military families. Plaintiff's lawyers have been involved in numerous class actions regarding insurance coverage for autism treatment, including *Johns v Blue Cross*, which was favorably settled on behalf of the plaintiff class.

22. Plaintiff's counsel have litigated, and are currently litigating, numerous other class actions in state and federal courts.

23. Members of the class are so numerous that joinder of all members of the class is impracticable. Upon information and belief, there are thousands of members of the class whose identities can be ascertained from the records and files of Defendant and from other sources.

24. Common questions of law and fact regarding Defendant's uniform illegal conduct predominate over any questions affecting only individual members of the class. Here, the common question is whether Defendant sent out collection communications which violated federal and

Michigan statutes. This raises primarily questions of law and questions regarding Defendant's conduct. The actions and circumstances of the individual class members are largely irrelevant. Accordingly, common questions predominate over individual issues.

25. The prosecution of separate actions by individual members of the class would create a risk of, among other things, inconsistent or varying adjudications with respect to individual members of the class. Specifically, inconsistent results from multiple actions would result in Defendant treating similarly situated consumers differently. There is a risk that some consumers will be able to recover for Defendant's illegal conduct, while other consumers may not recover for the same illegal conduct. Defendant, meanwhile, would be required to operate under these inconsistent mandates, while treating similarly situated consumers differently.

26. The prosecution of separate actions would also create a risk of adjudication with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

27. The claims of the lead Plaintiff are typical of the claims of the class, and the class action method is appropriate for the fair and adequate prosecution of this action. This case arises from the uniform conduct of the Defendant and is based on Defendant's violations of federal and Michigan statutes. The conduct and circumstances of the individual class members' is largely irrelevant. Because these claims arise from uniformly-illegal conduct, Plaintiff's claims are typical of the class.

28. Class treatment provides manageable judicial treatment of this case, calculated to bring a rapid conclusion to all litigation of all claims arising out of Defendant's conduct. Given that this case revolves around questions of law arising from uniform conduct, it can be efficiently resolved through a class action.

29. The certification of a class would also allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support separate claims. Specifically, the damages authorized by the statutes are such that they do not warrant individual litigation by each and every class member.

30. Accordingly, Plaintiff brings this action on behalf of herself and on behalf of all other members of the class.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant violate the FDCPA 15 U.S.C. § 1692 et seq.

33. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to statutory damages in an amount up to $1,000.00 per person, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.
### VIOLATIONS OF THE MICHIGAN OCCUPATION CODE
### MCL § 339.901 et seq.

34. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant violate the Michigan Occupation Code, MCL § 339.901 et seq.

36. Defendant's acts also violate MCL § 339.918 in that Defendant's letter does not inform Plaintiff that collection efforts will cease upon her disputation of the debt.

37. Defendant's acts and practices were a willful violation of the Michigan Occupation Code.

38. As a result of Defendant's willful violations of the Michigan Occupation Code, Plaintiff and the class are entitled to treble statutory damages in an amount of $150 per class member, plus reasonable attorney fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and MCL § 339.916(2), including treble statutory damages;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and MCL § 339.916(2); and
- for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

A Jury Trial is hereby demanded.

Respectfully submitted,
*Andrew L. Campbell*

Dated: September 28, 2010

Andrew L. Campbell (P64391)
hundy24@yahoo.com
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
Attorney for Plaintiff

*David Honigman*

David Honigman (P33146)
dhonigman@manteselaw.com
1361 E. Big Beaver Rd
Troy, MI 48088
(248) 457-9200
Attorney for Plaintiff

36. Defendant's acts also violate MCL § 339.918 in that Defendant's letter does not inform Plaintiff that collection efforts will cease upon her disputation of the debt.

37. Defendant's acts and practices were a willful violation of the Michigan Occupation Code.

38. As a result of Defendant's willful violations of the Michigan Occupation Code, Plaintiff and the class are entitled to treble statutory damages in an amount of $150 per class member, plus reasonable attorney fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and MCL § 339.916(2), including treble statutory damages;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and MCL § 339.916(2); and
- for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

A Jury Trial is hereby demanded.

Dated: September 28, 2010

Respectfully submitted,
*Andrew L. Campbell*
Andrew L. Campbell
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN        )
                         ) ss
COUNTY OF GENESEE        )

Plaintiff Kim M. Wertz, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: September 29, 2010

_____
Kim M. Wertz, affiant

Subscribed and sworn to before me on
September 29, 2010
/s/ Debra Michele Mudge

Notary public, State of Michigan,
County of Genesee
My commission 10-21-2012
Acting in the County of_____

DEBRA MICHELE MUDGE
Notary Public, State of Michigan
County of Genesee
My Commission Expires 10-21-2012
Acting in the county of_____

-8-